UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER P. WATSON,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | No. 2:22-cv-1681 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff alleges that on May 18, 2020, officers from the Rancho Cordova Police Department and the Sacramento County Sheriff's Office used malicious and sadistic force. Plaintiff was pepper sprayed and could not see; he accidently touched a Sacramento County Sheriff's Deputy's chest.  At that time the Rancho Cordova Police Department officer or officers grabbed plaintiff with violent force, slamming him to the ground.  After plaintiff was handcuffed and on the ground, officers from both departments repeatedly slammed plaintiff's face into the ground while punching him in the back of his head and kneeing him in the spine until plaintiff lost consciousness.  As a result, plaintiff was hospitalized from May 18 to 19, 2020.  Plaintiff was subsequently housed in the Sacramento County Main Jail medical housing unit and given multiple CT scans for brain injuries. Plaintiff seeks, inter alia, money damages.

Discussion

Plaintiff claims the use of excessive force in violation of his constitutional rights.  The analysis of an excessive force claim brought pursuant to section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force."  Graham v. Connor, 490 U.S. 386, 394 (1989).  The Fourth Amendment bars excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen."  Id. at 395.  In the Ninth Circuit, the Fourth Amendment applies after arrest and until arraignment.  Pierce v. Multnomah Cty., 76 F.3d 1032, 1042 (9th Cir.1996).  Because plaintiff had been arrested, but had yet to be arraigned, the standard for excessive force under the Fourth Amendment applies to his claims.

To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that defendants use of force was objectively unreasonable in light of the facts and circumstances

3

confronting the officers, without regard to the officer's underlying intent or motivation. See Graham, 490 U.S. at 397. The Court is to consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The "reasonableness" of the force used in a particular case "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." Id.

Here, plaintiff only names the Sacramento County Sheriff's Office and the Rancho Cordova Police Department as defendants but includes no charging allegations as to such defendants. Rather, plaintiff contends that on May 18, 2020, officers from such departments used excessive force during plaintiff's arrest. But plaintiff fails to identify a particular defendant responsible for the wrongdoing.[1] In order to state a federal civil rights claim against a specific defendant, plaintiff must allege that each such defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48 (1988). While it appears plaintiff may be able to state a cognizable excessive force claim against the specific officer or officers involved in the use of excessive force, plaintiff must name the individual officer or officers responsible for such action.

Accordingly, plaintiff is provided an opportunity to file an amended complaint to address such deficiency. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

Plaintiff is cautioned that although he is granted an opportunity to amend, it is not for the purpose of adding new defendants or new claims. Rather, plaintiff should focus on naming the defendants involved in the alleged use of excessive force on May 18, 2020.

If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no

---

[1] Plaintiff is advised that the court cannot service process on a defendant without his or her name. Plaintiff may be able to obtain the names of the arresting officers by requesting a copy of his arrest report from May 18, 2020.

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

1 | also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2 |     Failure to file an amended complaint in accordance with this order may result in the
3 | dismissal of this action.
4 | Dated:  October 21, 2022

                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

/wats1681.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER P. WATSON,<br><br>            Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY SHERIFF'S OFFICE, et al.,<br><br>            Defendants. | No. 2:22-cv-1681 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____          Amended Complaint

                                                                  _____
                                                                  Plaintiff